(Reap. Dec. 8695)

INTER-MARITIME FORWARDING CO., INC. *v.* UNITED STATES

Entry No. 754764, etc.

(Decided October 31, 1956)

*Tompkins & Tompkins* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RAO, Judge:  The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed VCS by Examiner V. C. Schug on the invoices covered by the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, consist of printed linen fabric exported from England.

That when said above-mentioned items marked "A" and initialed by the Examiner were exported from England such and similar merchandise was not being freely offered for sale for home consumption to all purchasers in the principal markets of England, nor was it being freely offered for sale to all purchasers in the principal markets of England for exportation to the United States, nor was it being freely offered for sale in the principal market of the United States to United States purchasers.

That the "cost of production" as defined in Section 402 (f) Tariff Act of 1930, for the above-mentioned items marked "A" and initialed by the Examiner was as follows:

The costs of materials, labor, and fabrication (Section 402 (f) (1) Tariff Act of 1930) were as specified in the attached Schedule A.*

To the said costs specified in Schedule A* there should be added 10% for usual general expenses (Section 402 (f) (2)); and then plus 5% and then plus 25% for profits (Section 402 (f) (4)).  Said prices are net packed.

Said reappraisement appeals specified in the attached Schedule A* are submitted for decision upon the agreed facts set forth in this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise identified by the items marked "A" and initialed VCS by Examiner V. C. Schug on the invoices, and that such values were as listed in schedule "B,"* hereto attached and made a part hereof.

Insofar as the appeals relate to all other merchandise, they are dismissed.

Judgment will be entered accordingly.

*Schedule "A," of the stipulation, and schedule "B," of the decision, omitted from printing.